United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DONNY KO,

Plaintiff,

v.

LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES L.P.; and HALSTED FINANCIAL SERVICES, LLC,

Defendant.

Case No. 26-cv-01299-PHK

**ORDER TO SHOW CAUSE RE: FAILURE TO EFFECTUATE SERVICE AND FAILURE TO COMPLY WITH COURT ORDERS**

Re: Dkt. 12

On February 12, 2026, Plaintiff filed the initial Complaint in this action against Defendants, asserting causes of action under the Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act. *See* Dkt. 1. Under Rule 4(m), the deadline for service of the summons and Complaint was May 13, 2026. *See* Fed. R. Civ. P. 4(m). On that deadline, Plaintiff filed a motion for extension of time to file proof of service of the Complaint and serve the Complaint. [Dkts. 10, 11]. In that motion for extension of time, Plaintiff represented to the Court that the requested extension to June 13, 2026 was "modest", that "Plaintiff is ***actively*** working to complete service" and that the "requested extension is designed to ***ensure*** service is completed ***promptly*** and properly." *See* Dkt. 11 at 3 (emphasis added).

On May 15, 2026, the Court issued an Order granting Plaintiff's Motion for Extension of Time to Serve Defendants. [Dkt. 12]. In that May 15 Order, the deadline to serve Defendants was extended to no later than June 13, 2026 (the "modest" extension Plaintiff requested). *Id.* The deadline for Plaintiff to serve Defendants with the Complaint has now passed by over 30 days. To date, Plaintiff has neither filed a Proof of Service nor requested another extension of time. As of

the date of this Order to Show Cause, Plaintiff has filed nothing on the docket for over two months, since filing the motion for extension of time.

The Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails to prosecute their action or fails to comply with court orders. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders).

Based on the lack of filing on the docket, it appears that Plaintiff has not been actively working to complete service, that service was not completed promptly, and that the "modest" requested extension did not, in fact, ensure service would be completed. The Court hereby provides **NOTICE** by this **ORDER TO SHOW CAUSE** that failure to comply with this Court's orders—including failure to respond to this Order to Show Cause—will result in negative consequences for Plaintiff's case, including the issuance of a Report and Recommendation for dismissal of this action without prejudice.

Accordingly, the Court **ORDERS** that, by no later than **July 27, 2026**, Plaintiff shall file a written response to this Order to Show Cause including details on all efforts made to effect service of process on Defendants, explaining why no proofs of service have been docketed by the extended deadline which Plaintiff requested and represented would "ensure" service would be completed, and discussing why this action should not be dismissed for failure to effectuate service of process under Rule 4 and for failure to comply with the Court's directives and Orders. If Plaintiff files, by **July 27, 2026**, Proofs of Service showing that Plaintiff served Defendants under Rule 4 as the Court directed in the May 15 Order, such a filing will be deemed a response to this Order to Show Cause, and no other written response would be necessary.

If Plaintiff fails to respond to this Order to Show Cause by the **July 27, 2026** deadline set herein, the Court will issue a Report and Recommendation that this action be dismissed for failure to effectuate service of process and failure to comply with Court Orders and the Court will issue an Order directing the Clerk of Court to reassign this action to a District Judge for consideration of, and to take action on, that Report and Recommendation.

Counsel for Plaintiff are further **ORDERED** to personally deliver a copy of this Order to

Show Cause on their client. In the written response to this Order to Show Cause, Plaintiff's counsel **SHALL** include certification that their client received a copy of this Order to Show Cause.

**IT IS SO ORDERED.**

Dated: July 20, 2026

PETER H. KANG
United States Magistrate Judge